UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINDON AMEDE,

            Petitioner,

    v.

DAVID ORTIZ,

            Respondent.

Civil Action No. 20-7206 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

      Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus pursuant[1] to 28 U.S.C. § 2241. (ECF No. 1). For the reasons set forth below, the Court will dismiss the Petition for lack of jurisdiction. Additionally, the Court will deny Petitioner's "emergency motion for summary judgment." (ECF No. 3).

## I.    BACKGROUND

      The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. According to Petitioner, in October of 2017, a jury convicted him of attempting to possess with intent to distribute five or more kilograms of cocaine or a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846.

      Thereafter, the United States District Court for the Southern District of Florida sentenced Petitioner to 121 months in prison. (*United States v. Amede*, Crim. No. 99-1137 (S.D. Fla.), ECF No. 107). Petitioner filed a direct appeal in March of 2018, and that appeal is currently pending

---

[1] Petitioner argues that the Court should not construe his Petition under § 2241, but as discussed below, the Court must consider his Petition under § 2241.

before the United States Court of Appeals for the Eleventh Circuit. (*United States v. Amede*, App. No. 18-11172).

On or about June 12, 2020, Petitioner filed the instant Petition. Petitioner challenges the sufficiency of the indictment and the jury instructions in his case. Petitioner also filed an "emergency motion for summary judgment," demanding a speedier judgment in his favor, in light of COVID-19 related conditions at Fort Dix. (ECF No. 3).

## II.   STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.   DISCUSSION

### A. Construing the Petition under § 2241

As a preliminary matter, Petitioner contends that his "petition is too [sic] no way be construed, Pursuant to . . . 28 U.S.C. 2241," and that this Court should consider his Petition under the "Common law . . . Great Writ . . . Hebeas [sic] Corpus Ad Sujiciendum [sic]." (ECF No. 1, at 5).

The Court rejects Petitioner's argument. As this Court has explained:

> To be sure, Article I, § 9 of the Constitution generally prohibits suspension of the writ of habeas corpus. *See* U.S. Const. art. I, § 9 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). "It is now well established that the phrase

2

> 'habeas corpus' used alone refers to the common-law writ of habeas corpus ad subjiciendum, known as the 'Great Writ.'" *Stone v. Powell*, 428 U.S. 465, 475 n. 6 (1976).
>
> But federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "The authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, s 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States." *Id.* at 474–75.
>
> [. . . .]
>
> In 1867, Congress authorized the federal courts to grant habeas relief to persons in the custody of the States. *See Kuhlmann v. Wilson*, 477 U.S. 436, 445 n. 7 (1986) (citing Act of Feb. 5, 1867, ch. 28, § 1, 14 Stat. 385). The 1867 Act authorized federal courts to grant habeas relief in "all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States." *Stone*, 428 U.S. at 475.

*Jackman v. Shartle*, No. 12-5249, 2013 WL 2096502, at *3 (D.N.J. May 13, 2013), *aff'd*, 535 F. App'x 87 (3d Cir. 2013).

"[T]his Court's power to grant a writ of habeas corpus ad subjiciendum is governed by 28 U.S.C. § 2241," and thus, the Court must consider this Petition under § 2241. *Id.* (citing *Carbo v. United States*, 364 U.S. 611, 614 (1961) ("[F]or the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law.") (quoting *Ex parte Bollman*, 4 Cranch 75, 93–94 (1807))).

### B.  Remainder of the Petition

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241.  Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke*

3

*v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Id.* at 539.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id*. at 538.  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

With those principles in mind, Petitioner challenges the sufficiency of his indictment and the trial court's jury instructions. Petitioner's claim does not fall within the *Dorsainvil* exception because § 2255 is not "inadequate or ineffective" to raise such claims. Petitioners may challenge the sufficiency of their indictments under § 2255. *See, e.g.*, *United States v. Murphy*, 479 F. App'x 418 (3d Cir. 2012) ("To the extent that [a petitioner] wishes to challenge his conviction or sentence via an attack on the sufficiency of the indictment . . . the proper way to do so is via a motion to vacate under 28 U.S.C. § 2255."); *Robinson v. Ortiz*, No. 18-859, 2018 WL 6318372, at *2 (D.N.J. Nov. 30, 2018).

Similarly, Petitioners may raise jury instruction issues through § 2255 motions. *See, e.g.*, *Drabovskiy v. Warden FCI Allenwood*, 534 F. App'x 98, 100 (3d Cir. 2013); *Young v. Yost*, 363 F. App'x 166, 168–69 (3d Cir. 2010). To the extent Petitioner claims that the jury instructions constructively amended the charge against him, he can raise such claims under § 2255. *See, e.g.*, *Yost*, 363 F. App'x at 168–69.

Perhaps more critically, Petitioner's "direct appeal remains pending" and thus, he cannot show he "had *no earlier opportunity to challenge his conviction*." *Descamps v. Warden Lewisburg USP*, 617 F. App'x 110, 112 (3d Cir. 2015) (emphasis in original). Consequently, "he has not

5

demonstrated that he must resort to a § 2241 petition." *Id*.  For all of those reasons, this Court lacks jurisdiction to hear any of Petitioner's claims.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.

Ordinarily, the Court might be inclined to transfer the Petition to Petitioner's sentencing court, for consideration as a § 2255 motion, but "converting his petition to a motion under § 2255 would be inappropriate and premature in light of his pending direct appeal." *Briggs v. Levi*, 275 F. App'x 111, 112 (3d Cir. 2008) (citing *Kapral v. United States*, 166 F.3d 565, 570–72 (3d Cir. 1999)).  As the Third Circuit explained, "a collateral attack is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending." *Kapral*, 166 F.3d at 570.  As a result, "in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *Id*. at 572 (quoting *United States v. Gordon*, 634 F.2d 638, 638–39 (1st Cir. 1980)).

As Petitioner does not allege extraordinary circumstances or that the Court should even construe his Petition under § 2255, the Court finds that it is not in the interest of justice to transfer the Petition to his sentencing court.

Accordingly, the Court declines to transfer the Petition.  However, this Court's decision does not prevent Petitioner from filing a § 2255 motion on his own, with his sentencing court, the United States District Court for the Southern District of Florida.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. Additionally, because the Court does not have jurisdiction over Petitioner's claims, the Court will deny his "emergency motion for summary judgment." An appropriate Order follows.


DATED:  August 11, 2020                                          s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge