**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LINDON AMEDE,<br><br>    Petitioner,<br><br>v.<br><br>DAVID ORTIZ,<br><br>    Respondent. | Civil Action No. 20-7206 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. Before the Court are Petitioner's motion for reconsideration, motion for a preliminary injunction, and request to transfer this matter to the United States Court of Appeals for the Eleventh Circuit. (ECF Nos. 7, 8). For the following reasons, the Court will deny Petitioner's motions and request to transfer.

First, Petitioner seeks reconsideration of the Court's August 19, 2020, decision, dismissing this matter for lack of jurisdiction. (ECF Nos. 4, 5). Local Civil Rule 7.1(i) governs motions under Federal Rule of Civil Procedure 59(e) and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). "The standard for reargument is high" and courts should "only sparingly" grant reconsideration. *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).

To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or

to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As set forth in the Court's earlier Opinion:

> Petitioner challenges the sufficiency of his indictment and the trial court's jury instructions. Petitioner's claim does not fall within the *Dorsainvil* exception because § 2255 is not "inadequate or ineffective" to raise such claims. Petitioners may challenge the sufficiency of their indictments under § 2255. *See, e.g.*, *United States v. Murphy*, 479 F. App'x 418 (3d Cir. 2012) ("To the extent that [a petitioner] wishes to challenge his conviction or sentence via an attack on the sufficiency of the indictment . . . the proper way to do so is via a motion to vacate under 28 U.S.C. § 2255."); *Robinson v. Ortiz*, No. 18-859, 2018 WL 6318372, at *2 (D.N.J. Nov. 30, 2018).
>
> Similarly, Petitioners may raise jury instruction issues through § 2255 motions. *See, e.g.*, *Drabovskiy v. Warden FCI Allenwood*, 534 F. App'x 98, 100 (3d Cir. 2013); *Young v. Yost*, 363 F. App'x 166, 168–69 (3d Cir. 2010). To the extent Petitioner claims that the jury instructions constructively amended the charge against him, he can raise such claims under § 2255. *See, e.g.*, *Yost*, 363 F. App'x at 168–69.
>
> Perhaps more critically, Petitioner's "direct appeal remains pending" and thus, he cannot show he "had *no earlier opportunity to challenge his conviction.*" *Descamps v. Warden Lewisburg USP*, 617 F. App'x 110, 112 (3d Cir. 2015) (emphasis in original). Consequently, "he has not demonstrated that he must resort to a § 2241 petition." *Id*. For all of those reasons, this Court lacks jurisdiction to hear any of Petitioner's claims.

In his motion for reconsideration, Petitioner clarifies that he was not challenging the sufficiency of the indictment. Rather, in Petitioner's words, "his indictment was sufficient in all regards, but the evidence was insufficient to support his conviction, for the jury convicted him upon a missing element as to specific intent as to 'willfully.'" (ECF No. 7, at 1–2).

Petitioner's clarification does not change this Court's lack of jurisdiction. As a general matter, § 2255 is not "inadequate or ineffective" to hear sufficiency of the evidence claims, and

prisoners can raise such claims on direct appeal. *E.g.*, *Hatches v. Schultz*, No. 09-0848, 2009 WL 3152123, at *3 (D.N.J. Sept. 25, 2009); *Yepes v. United States*, No. 93-2310, 1993 WL 525578, at *3 (D.N.J. Dec. 15, 1993) (explaining the standard for reviewing a sufficiency of the evidence claim in a § 2255 proceeding); *see also United States v. Hilts*, No. 11-133, 2018 WL 1960948, at *2 (W.D. Pa. Apr. 26, 2018).

In his submissions, Petitioner states that the Eleventh Circuit recently decided his direct appeal, but that he is seeking reconsideration or a rehearing *en banc*. As a result, Petitioner's "direct appeal[s] remain[] pending" and thus, he cannot show he "had *no earlier opportunity to challenge his conviction*." *Descamps*, 617 F. App'x at 112 (emphasis in original).

That said, Petitioner does imply that he was unable to pursue his sufficiency claim on direct appeal because it was "already at the oral argument stage." (ECF No. 7, at 6). If Petitioner failed to include his claim on direct appeal, however, he still had an "*opportunity*" to pursue that claim. *Descamps*, 617 F. App'x at 112 (emphasis in original). Consequently, as Petitioner's "direct appeal remains pending, and he has not yet pursued § 2255 relief in the sentencing court, he has not demonstrated that he must resort to a § 2241 petition." *Id*. Accordingly, Petitioner's sufficiency claim does fall within the *Dorsainvil* exception, and this Court lacks jurisdiction over Petitioner's claim.

As a result, the Court will deny Petitioner's motion for reconsideration as he has failed to show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café*, 176 F.3d at 677.

Turning then to Petitioner's motion for a preliminary injunction, Petitioner seeks additional access to the law library and his attorney so that he can pursue the next steps in his direct appeals.

3

In particular, Petitioner contends that the Bureau of Prisons is limiting law library, telephone, and typewriter access, due to the COVID-19 pandemic.

"A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). "A Court will consider all four factors, but the first two are essential." *Leddy v. N. Valley Reg'l High Sch. Dist.*, No. 17-5245, 2017 WL 3923291, at *7 (D.N.J. Sept. 6, 2017).

With those principles in mind, because the Court does not have jurisdiction and because Petitioner has no active claims, he cannot demonstrate that he is likely to prevail on the merits. *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (holding that in deciding motion for preliminary injunction, a district court must first determine whether movant has shown reasonable probability of success on the merits); *Battle v. McGann*, No. 17-12041, 2018 WL 5263279, at *5 (D.N.J. Oct. 23, 2018).

As Petitioner has not demonstrated a likelihood of success on the merits it is inappropriate to award an injunction, and the Court need not consider the remaining factors. *See, e.g.*, *Sanders v. N.J. State Parole Bd.*, No. 18-5570, 2019 WL 1557949, at *1–2 (D.N.J. Apr. 9, 2019); *Cortazzo v. City of Reading*, No. 14-2513, 2015 WL 1380072, at *4 (E.D. Pa. Mar. 26, 2015).

Finally, to the extent Petitioner seeks to transfer this matter to the Eleventh Circuit, this Court will deny that request. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.

Prisoners may only file § 2241 petitions, "in the district court having territorial jurisdiction over the place where the petitioner is incarcerated or otherwise physically present in custody."

4

*E.g.*, *Gardner v. Williamson*, No. 07-1788, 2008 WL 1752229, at *6 (M.D. Pa. Apr. 14, 2008) (citing 28 U.S.C. §§ 2241(a), 2243); *see also McKnight v. United States*, No. 13-3747, 2014 WL 3748209, at *2 (D.N.J. July 29, 2014).  The Eleventh Circuit is not a district court and it does not have territorial jurisdiction over Petitioner, who is in custody in New Jersey.  Accordingly, the Court will deny Petitioner's request to transfer.

This Court's decision, however, does not prevent Petitioner from seeking to pursue his claims before the Eleventh Circuit on his own.  Similarly, if Petitioner seeks an injunction to increase his law library and attorney access in connection with his direct appeals, he may seek such relief before the Eleventh Circuit.

For the foregoing reasons, the Court will deny Petitioner's motion for reconsideration, motion for a preliminary injunction, and request to transfer.  An appropriate Order follows.


Dated:  November  13 , 2020                    s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge